UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH N. LEE,<br><br>Defendant. | NO. CR21-56-RSM<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for a Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Kenneth N. Lee's interest in the following property seized on or about April 7, 2021, from Defendant's residence at 3584 Portland Avenue East, Tacoma, Washington:

1. One black Mossberg 12-gauge pump shotgun;
2. Five rounds of buckshot ammunition;
3. Thirty-five buckshot 12-gauge cartridges;
4. Fifty shotgun target cartridges; and
5. One hundred twenty-seven rounds of loose ammunition in a green bag.

Preliminary Order of Forfeiture - 1
*United States v. Lee,* CR21-56-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that entry of a Preliminary Order of Forfeiture is appropriate because:

- The above-identified property is forfeitable pursuant to 21 U.S.C. § 853(a), as property that was used or intended to be used, to commit or facilitate the Defendant's commission of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 and pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), as firearms and ammunition involved in the Defendant's commission of Unlawful Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1);

- Pursuant to the Plea Agreement he entered on July 10, 2023, the Defendant agreed to forfeit the above-identified property, which is subject to forfeiture pursuant 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c). Dkt. No. 302, ¶¶ 9, 13.

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), and his Plea Agreement, the Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The United States Department of Justice, the Federal Bureau of Investigation, and/or their authorized agents or representatives, shall maintain the above-identified property in its custody and control until further order of this Court;

4. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the

Preliminary Order of Forfeiture - 2
*United States v. Lee,* CR21-56-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

property as permitted by governing law. The notice shall be posted on an official government website—www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall also, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the above identified property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b. shall be signed by the petitioner under penalty of perjury; and

    c. shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues presented by that petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

7. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of

Preliminary Order of Forfeiture - 3
*United States v. Lee,* CR21-56-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

      IT IS SO ORDERED.

      DATED this 6th day of October, 2023.

                                          RICARDO S. MARTINEZ
                                          UNITED STATES DISTRICT JUDGE

Presented by:

*s/Krista K. Bush*
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart St., Suite 5220
Seattle, WA 98101
(206) 553-2242
Fax: 206-553-6934
Krista.Bush@usdoj.gov

Preliminary Order of Forfeiture - 4
*United States v. Lee,* CR21-56-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970